In re Carl Edward BOZZO and Diane Filice Bozzo, Bankrupts,

**HIGHLANDS INSURANCE COMPANY OF HOUSTON, TEXAS, Plaintiff-Appellant,**

v.

**Carl Edward BOZZO and Diane Filice Bozzo, Defendants-Appellees.**

No. 81–4252.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 13, 1982.

Decided Nov. 22, 1982.

Eric Winter, Anderson, McPharlin & Conners & Eric Winter, Los Angeles, Cal., for plaintiff-appellant.

Lawrence A. Jacobson, Cohen & Jacobson, Burlingame, Cal., for defendants-appellees.

Before WISDOM *, MERRILL and NORRIS, Circuit Judges.

MERRILL, Circuit Judge:

The question presented is whether the claim filed by Highlands Insurance Company against the bankrupt estate of the Bozzos should be declared nonprovable and thus nondischargeable. The claim was based on Highlands's contingent liability on surety undertakings on which the bankrupts are principals. Highlands's motion in the bankruptcy court to have the claim declared nonprovable was granted by the bankruptcy judge who was then reversed by the district court.

I

On August 19, 1974, Carl and Diane Bozzo entered into an equipment lease contract with Union Commerce Leasing Corporation ("Union Commerce"). When the Bozzos later failed to make the payments required by the lease Union Commerce commenced a state court action alleging breach of the contract and fraud in the execution of the lease. Union Commerce also pursued the prejudgment remedies of claim and delivery and attachment in order immediately to regain possession of the leased equipment. Wishing to retain possession, however, the Bozzos filed undertakings for redelivery ($60,000) and release of attachment ($55,000), both of which were obtained from Highlands. The Bozzos agreed to indemnify Highlands for any loss it might suffer on the basis of these undertakings.

Thereafter, on November 30, 1977, the Bozzos filed for bankruptcy. The bankruptcy court initially stayed the state court action, but because Union Commerce alleged a cause of action for fraud against the Bozzos, and because that fraud, if proven, would render Union Commerce's claim against the Bozzos nondischargeable, the bankruptcy court lifted its stay order and allowed the state court action to proceed.

It was to Highlands's advantage that any judgment for Union Commerce against the Bozzos be based on fraud since Highlands would then be subrogated to a nondischargeable claim against the Bozzos. Accordingly, Highlands made demand upon Union Commerce pursuant to California Civil Code Section 2845 [1] that it pursue its fraud cause of action. Highlands asserts that Union Commerce's attorney gave assurance that it would do so. At trial, however, Union Commerce offered no proof of fraud and the claim of fraud was dismissed by the court. Union Commerce received judgment for contract damages in the sum of $122,796.40 plus costs and attorneys' fees.

Highlands then sought to intervene in the state action in order to pursue the claim of fraud. Intervention was denied as not timely sought. Denial was upheld on appeal.

Highlands then petitioned the bankruptcy court to declare Highlands's contingent claim against the Bozzos nonprovable and thus itself nondischargeable. Highlands argued that its ultimate liability on the bonds to Union Commerce—which liability would give rise to the claim against the Bozzos—was so uncertain as not to be susceptible of reasonable estimation or liquidation. This argument was accepted by the bankruptcy

---

* Honorable John Minor Wisdom, Senior Circuit Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation.

1. Section 2845 provides:

   A surety may require his creditor ... to proceed against the principal, or to pursue any other remedy in his power which the surety cannot himself pursue, and which would lighten his burden; and if in such case the creditor neglects to do so, the surety is exonerated to the extent to which he is thereby prejudiced.

court but was rejected on appeal by the district court. We agree with the district court.

## II

Section 17a of the old Bankruptcy Act,[2] 11 U.S.C. § 35(a) (1976), provided that "[a] discharge in bankruptcy shall release a bankrupt from all his provable debts, whether allowed in full or in part . . . ." Section 63a of the old Act, 11 U.S.C. § 103(a) (1976), explicitly provided that contingent debts may be proved. It provided:

> Debts of the bankrupt may be proved and allowed against his estate which are founded upon . . . (8) contingent debts and contingent contractual liabilities. . . .

This includes claims based on surety or guarantee obligations of a bankrupt. *First Empire Bank-New York v. Federal Deposit Insurance Corp.*, 572 F.2d 1361, 1368 (9th Cir.), *cert. denied*, 439 U.S. 919, 99 S.Ct. 293, 58 L.Ed.2d 265 (1978).

Section 63d, 11 U.S.C. § 103(d) (1976), further provided, however, that "[w]here any contingent or unliquidated claim has been proved, but as provided in [11 U.S.C. § 93(d)] has not been allowed, such claim shall not be deemed provable under this title." Thus the dispositive question in this case is whether Highlands's claim was allowable under Section 57d of the old Act, 11 U.S.C. § 93(d) (1976).

> That section in relevant part provided: [A]n unliquidated or contingent claim shall not be allowed unless liquidated or the amount thereof estimated in the manner and within the time directed by the court; and such claim shall not be allowed if the court shall determine that it is not capable of liquidation or of reasonable estimation or that such liquidation or estimation would unduly delay the administration of the estate or any proceeding under this title.

Union Commerce's claim against the bankrupt has been adjudged one in contract and not one in fraud. Highlands's claim

against the bankrupts' estate assumes Highlands's discharge of that contract claim. It is based either upon subrogation to that claim or upon the Bozzos' agreement to indemnify Highlands. In either event, it is the provability of that contract claim that is here at issue. That claim is now fully capable of computation. Accordingly, it does not fall within the exception of Section 63d of the old Act and is allowable under Section 63a(8).

Highlands argues that the maximum amount of its claim is unknown since the Bozzos must also reimburse it for its attorneys' fees. This potential increment of liability does not render Highlands's claim nonprovable. This court has held that "claims for stipulated attorneys' fees should not be disallowed because bankruptcy intervened before any legal services were rendered." *Matter of Esgro, Inc.*, 645 F.2d 794, 798 (9th Cir.1981). The court there quoted and affirmed the following analysis of the district court:

> The contingency was not out of the control of the parties. Liability and the amount thereof were reasonably estimable. . . . [The bankrupts'] sole argument is that the amount of attorneys' fees was subject to fluctuation because of the appeals and that there was a remote possibility that Esgro's appeal would be successful, relieving it of liability altogether. The contingency here is minor. Given the policy of favoring provability, there is no reason not to find these fees provable.

*Id. See also Hartman v. Utley*, 335 F.2d 558, 559 (9th Cir.1964).

JUDGMENT AFFIRMED.

---

2. The new bankruptcy code, 11 U.S.C. § 101 *et seq.*, became effective October 1, 1979. Because the Bozzos' bankruptcy petition was filed prior to that date, however, the provisions of the former Act govern.